WILLIAM N. BELTER, District Attorney Waushara County
You have asked my opinion on the question of whether Wisconsin will go on so-called double daylight saving time as of 1:00 a.m. on the last Sunday in April, 1974.
The Congressional legislation entitled "Emergency Daylight Saving Time Energy Conservation Act of 1973" which became effective January 6, 1974, and remains in effect until the last Sunday in April, 1975, advanced the standard of time in Wisconsin one hour from Central Standard Time to Central Emergency Daylight Saving Time. See OAG 1-74.
Section 175.095, Stats., provides in subsection (2) that: "From 1:00 a.m. on the last Sunday in April until 2:00 a.m. on the last Sunday in October of each year, the standard of time in this state shall be one hour in advance of that prescribed in s.175.09 (1) ."
Section 175.09 (1), Stats., defines Central Standard Time.
Thus, the question posed becomes: does sec. 175.095 (2), Stats., operate to advance Wisconsin time yet another hour to double daylight time?
I conclude that this question should be answered in the negative. *Page 114 
The Uniform Time Act of 1966 enacted by Congress in 15 U.S.C. § 260a
(a) established a uniform daylight saving time in the United States from the last Sunday in April to the last Sunday in October of each year. Daylight saving time as defined therein is advancement of the standard time in each zone by one hour.
The express intent of Congress to occupy the field of time regulation is declared in 15 U.S.C. § 260a (b) which states:
 "It is hereby declared that it is the express intent of Congress by this section to supersede any and all laws of the States or political subdivisions thereof insofar as they may now or hereafter provide for advances in time or changeover dates different from those specified in this section." (See also 15 U.S.C. § 262)
The United States Supreme Court, discussing Federal preemption in Cloverleaf Butter Company v. Patterson (1942), 62 S.Ct. 491 at 496, 315 U.S. 148, 86 L.Ed. 754, stated that: "the role is clear that state action may be excluded by clear implication or inconsistency."
I conclude that Congress has occupied and preempted the field of time regulation by its express statements of intent. The emergency legislation advanced Wisconsin time one hour ahead of standard time. Section 175.095 (2), Stats., may not therefore operate to advance the standard of time in Wisconsin an additional hour.
In your request you refer to my earlier opinion issued on January 4, 1974 as OAG 1-74. That opinion was directed at the effect of the Federal enactment on closing hours of premises for which retail class "B" liquor and beer licenses have been issued in counties having less than 500,000 population.
I therefore perceive the following additional question in your request: What is the status of the closing hours of such premises as of 1:00 a.m. on the last Sunday in April, 1974?
Sections 176.06 (3) and 66.054 (10) (a), Stats., specify in part that when our standard of time is advanced one hour pursuant to sec. 175.095 (2), Stats., the closing hours of such premises will advance from 1:00 a.m. to 2:00 a.m. during the months specified therein.
Study of various proposals concerning the extending of tavern closing hours to 2:00 a.m. reflects that the intent of the legislature *Page 115 
was the recognition by that body that tourism and recreation are prime industries in this state (e.g., see Senate Bill No. 105, S., introduced February 6, 1957, with alterations thereto). These industries are at peak operation during those months usually embraced by daylight savings time pursuant to sec. 175.095 (2), Stats. The closing hours were ultimately so extended to 2:00 a.m. by the legislature during those months by amendment of secs. 176.06 (3) and 66.054 (10) (a), Stats.
I therefore conclude that the legislature has manifested its intent that the closing hours of such licensed premises advance from 1:00 a.m. to 2:00 a.m. during the period of time expressed in sec. 175.095 (2), Stats.
RWW:JM